**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MICHAEL S. PEDEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| HENRY ELECTRIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

Comes now Plaintiff, by counsel, and against Defendant as follows:

1. The Plaintiff is Michael S. Peden, a resident of Allen County, Fort Wayne, IN, and a former employee of the Defendant's at all material times to this Complaint.

2. The Defendant is Henry Electric, Inc., a company doing business at 3709 Transportation Drive, Fort Wayne, IN 46818.   At all material times to this Complaint, the Defendant was an "employer" for the purposes of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* (hereinafter "ADA") and ERISA § 510 (hereinafter "ERISA").

3. The Plaintiff filed a Charge of Discrimination on June 3, 2013, EEOC No. 470-2013-02436, a copy of which is attached hereto, incorporated herein, and made apart hereof as Exhibit "A".   The EEOC issued its Dismissal and Notice of Rights/Notice of Suit Rights on August 29, 2013, a copy of which is attached hereto and made apart hereof as Exhibit "B".   All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. The Plaintiff was employed by the Defendant from on or about May 2007 until August 6, 2012, when he was wrongfully terminated for suffering from a disability/perceived disability/record of impairment and/or utilizing his employer based health insurance benefits he was entitled to receive under the Defendant's Plan of employee benefits, to cover medical expenses relating to his medical conditions.

5. Throughout the Plaintiff's employment, he performed within the Defendant's reasonable expectations.

6. On or about July 15, 2012 Plaintiff was diagnosed with acute kidney stones.  Plaintiff's physician prescribed medication and informed Plaintiff he was not to return to work until he had passed the stones.   On or about July 17, 2012, Plaintiff's condition had worsened and he had to undergo a minor surgical procedure placing a stent in his kidney attempting to correct the condition.   Unfortunately, the minor surgery did not resolve the issue and on or about July 27, 2012, Plaintiff underwent surgery to have the stones removed.

7. Plaintiff stayed in contact with his employer throughout the duration of his medical leave. Plaintiff was scheduled to have his stent removed on August 7, 2012, and return to work on August 8, 2012.

8. On August 6, 2012, Plaintiff received a phone call from the Defendant laying him off due to "lack of work".   On August 8, 2012, Plaintiff was called and asked to return all property of the Defendants.

9. After filing for unemployment compensation benefits Plaintiff learned that the Defendant claimed it had fired him allegedly for not having his journeyman's card.   Yet the Plaintiff had worked for the Defendant for 5 years without his journeyman's card and Defendant had never had a problem with it.

2

10. The Plaintiff alleges that the proffered reasons for termination were false and pretextual, and that he was discriminated against, retaliated against, denied reasonable accommodations, and that the Defendant failed to engage in the interactive process with him as to his disability/perceived disability/records of impairment, in violation of the Plaintiff's federally protected rights under the ADA.

11. In the alternative, the Plaintiff alleged he was discriminated against and retaliated against for asserting his rights benefits he was entitled to receive under the Defendant's Plan of benefits, all of which was in violation of Plaintiff's rights under ERISA § 510.

12. The Defendant's unlawful, discriminatory, and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of his job and job related benefits, including income, and additionally, subjected the Plaintiff to inconvenience, emotional distress, and other damages and injuries.

13. The wrongful, discriminatory, and/or retaliatory conduct of the Defendant was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA and ERISA § 510.   Plaintiff is entitled to punitive damages (where available), and liquidated damages (where available).

WHEREFORE, Plaintiff prays for judgment against the Defendant(s) for compensatory damages (where available), punitive damages (where available), equitable relief (where available), attorneys' fees and costs and for all other just and proper relief in the premises.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

s/Ilene M. Smith
Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:     (260) 424-0600
Facsimile:     (260) 424-0712
E-mail:        cmyers@myers-law.com
               ismith@myers-law.com
Attorneys for Plaintiff

IMS/lm
S:\Peden Michael\Pleadings\Complaint.docx

4